THOMAS CULBERTSON, appellant, *v.* THE CITY OF GALENA, appellee.

### *Appeal from Jo Daviess.*

A suit before a person assuming to act as a justice of the peace will not be dismissed on motion, for the reason that he is not a legal justice of the peace. It is sufficient that he assumes to act in such capacity; his right to act cannot be collaterally examined.

A. was sued for an alleged violation of an Ordinance of the city of Galena. All the evidence given on the trial was, that the defendant sold at a certain time a barrel of whiskey on the wharf in that city, and that he had no license to vend or retail merchandize; that the counsel "read the law" to the jury. The jury returned a verdict against the defendant for twenty dollars: *Held,* that the evidence did not sustain the verdict and judgment.

THIS was a suit originally brought before a justice of the peace in the city of Galena, to recover a penalty for a pretended violation of an Ordinance of that city. The cause was taken to the Circuit Court of Jo Daviess county, and there heard, at the March term 1845, before the Hon. Thomas C. Browne and a jury. Verdict for the plaintiff below for $20.

The case is sufficiently stated in the Opinion of the Court.

*C. Gilman,* and *I. P. Stevens,* for the appellant.

I. Barry, the pretended justice, had no authority to act in that capacity, not having filed his bond as required by statute. R. L. 412, §§ 1, 2; Gale's Stat. 422.

II. The bill of exceptions, which purports to contain "all the evidence" in the case on the trial thereof, does not show that any law, or ordinance was violated, no such law having been read in evidence to the jury. The verdict is unsupported by the evidence.

*O. C. Pratt,* for the appellee.

The Circuit Court will not inquire, in a collateral manner, in a matter between third parties, whether a justice is an officer *de jure.* It is sufficient that he is an officer *de facto.*

Culbertson *v.* The City of Galena.

*Fowler* v. *Beebee*, 9 Mass., 231; *The People*, &c., v. *Collins*, 7 Johns. 549. But this officer was not obliged to give bond. He was a local magistrate for the city of Galena, and not obliged to give bond like a county magistrate. Laws of 1838–9, 34.

The word "law" contained in the bill of exceptions, means the "ordinance of the city of Galena," alleged to have been violated.

*Gilman*, in reply:

The bill of exceptions is explicit. It states, as it should state in a case of this kind, that "all the evidencce" upon the trial below is set out therein. If the bill contains a correct history of the case, it becomes the duty of the Judge to sign and seal it. If it is incorrect, or insufficient in any particular, it is the duty of the Judge as well as of the opposite counsel, to see that it is corrected, and made conformable to truth. When signed and sealed, and made a part of the record, it is conclusive upon parties, and the appellate Court will be bound by the record.

The bill states, in substance, that the counsel "read the law" to the jury, but it does not appear to have been read as evidence. Neither does it appear what law was read, whether it was a decision of some legal tribunal, a city ordinance, a statute of this or some other State. It is altogether vague and indefinite, and this Court cannot give it any weight whatever. It will not presume that it was this, that, or the other kind of "law."

The Opinion of the Court was delivered by

PURPLE, J.* The appellee sued the appellant before R. F. Barry, who acted as a justice of the peace of Jo Daviess county. The cause was removed by appeal to the Circuit Court. The appellant appeared in the Circuit Court and moved to dismiss the suit, and reverse the judgment of the justice upon an affidavit of William C. Bostwick, clerk of

---

* WILSON, C. J., and Justices LOCKWOOD and YOUNG did not sit in this case.

Culbertson v. The City of Galena.

the County Commissioners' Court of said county, showing that Barry had not filed a bond with security previous to his entering upon the duties of his office. The Court overruled the motion.

From the bill of exceptions, it appears that all the evidence given on the trial was, that in October, A. D. 1843, appellant sold on the wharf in the city of Galena a barrel of whiskey, and that he had no license to vend or retail merchandize; that then the counsel for the appellee read the law to the jury. The jury found a verdict against the appellant for twenty dollars. Appellant moved for a new trial and in arrest of judgment, which motions were overruled and exceptions taken.

These decisions are assigned for error.

The Court decided correctly in overruling the motion to dismiss the suit upon the ground that Barry, who assumed to act as such, was not a legal justice of the peace. In such a proceeding as the present, it is sufficient that he acts as such, and his right to exercise the duties of the office can not be, in the manner proposed, collaterally examined.

The evidence, however, contained in the bill of exceptions did not warrant the verdict of the jury, nor the judgment of the Court thereon.

It is probable, that there is some ordinance of the city of Galena prohibiting persons, under penalties, from selling merchandize within the city without license, which was the foundation of this action, and it may be true, that this ordinance was read in evidence before the jury on the trial, and was accidentally omitted to have been made a part of the bill of exceptions. The Court is, however, bound to decide questions as they are presented in the record. We can find no evidence to sustain this judgment.

The judgment of the Circuit Court is reversed, and the cause remanded with directions to the Circuit Court to award a *venire de novo.*

*Judgment reversed.*